**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re: Bankruptcy No.: 26-30101

Phyllis Dennis-Sampson, Chapter 7

Debtor.
_____________________________/

**MEMORANDUM AND ORDER**

On February 13, 2026, Debtor Phyllis Dennis-Sampson filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Debtor scheduled $6,629.71 in assets as exempt under N.D.C.C. § 28-22-03. The Trustee filed an Objection to Debtor's Claim of Exemptions. The Court held an evidentiary hearing on May 28, 2026, and oral argument on June 2, 2026. For the reasons provided below, the Trustee's objection is overruled, and the exemption is allowed.

## I. BACKGROUND

Debtor and her husband married 11 years ago and have two dependent children. On March 7, 2025, Debtor's husband filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Bankr. No. 25-30077. On his petition, Debtor's husband represented that he lives at the family home, but he checked the box representing that he and Debtor were living separately or legally separated. His scheduled assets included, in relevant part, his 50% ownership interest in household goods and furnishings ($2,825); his 50% ownership interest in sports and hobby equipment ($412.50); jewelry ($225); cash ($20); deposits in two bank accounts ($220.26); net wages ($476.21); and a judgment against Juan Auto and Repair ($1,551). Debtor's husband claimed these assets exempt under N.D.C.C. § 28-22-03, the "head of a family" exemption.

According to Debtor, she and her husband transitioned to a new living arrangement beginning in October 2025. Under this arrangement, Debtor lives in the home with the children, and Debtor's husband stays with his brother in his brother's home. Debtor works overnight shifts eight consecutive nights followed by six consecutive days off. On nights she works, Debtor's husband stays overnight at the house with their children. On nights she does not work, Debtor's husband does not sleep at the marital home.

Approximately 11 months after Debtor's husband petitioned for bankruptcy relief, Debtor filed a voluntary Chapter 7 bankruptcy petition. Debtor represented on her bankruptcy schedules that she is married and lives with her husband. Although she and her husband remain legally married, they do not live together. To the extent her schedules list otherwise, Debtor concedes this representation is erroneous. Despite their separation, Debtor and her husband represented that they live at the same address on their 2025 joint tax return.

Like her husband, Debtor claimed various assets exempt under the "head of a family" exemption, N.D.C.C. § 28-22-03. Specifically, she claimed the following property exempt under N.D.C.C. § 28-22-03: household goods and furnishings ($4,000), electronics ($101), cash ($500), a checking account ($5) a Robinhood account ($21.15), estimated 2025 federal and state tax returns ($1,629.25 and $158.75), and estimated prorated 2026 federal and state tax returns ($214.56).

## II. ANALYSIS

Section 541(a)(1) of the Bankruptcy Code provides that, at the commencement of a case, the bankruptcy estate is comprised of "all legal or equitable interests of the

debtor in property.” 11 U.S.C. § 541(a)(1). The Bankruptcy Code allows debtors to exempt certain property from their bankruptcy estates. 11 U.S.C. § 522(b)(1). “Exempt property is excluded from property of the estate available to satisfy debts.” Nessan v. Lovald, 494 Fed. App’x. 691, 693 (8th Cir. 2012) (quotation omitted). Section 522(b)(2) authorizes states to opt out of the federal property exemptions enumerated in section 522(d). 11 U.S.C. § 522(b)(2). Exercising this grant of authority, the North Dakota Legislature enacted a statute limiting its residents to claiming the state exemptions rather than the federal exemptions. See N.D.C.C. § 28-22-17.

Exemptions are liberally construed in favor of a debtor. Moon v. Hurd (In re Hurd), 441 B.R. 116, 119 (B.A.P. 8th Cir. 2010); Mattern v. Frank J. Mattern Est. ex rel. Erickson, 864 N.W.2d 458, 462 (N.D. 2015). The Trustee, as the objecting party, bears the burden of proof that a debtor’s exemptions are not properly claimed. See Fed. R. Bankr. P. 4003(c); see Walters v. Bank of the W. (In re Walters), 450 B.R. 109, 112 (B.A.P. 8th Cir. 2011). “Once the objector meets its burden, the burden of production shifts to the debtor to produce evidence that the claimed exemption is proper, though the burden of persuasion remains with the objector.” In re Walters, 450 B.R. at 113; see also Tydings v. Reed (In re Tydings), 2020 WL 5258457, at *2 (W.D. Mo. Sept. 3, 2020) (the trustee maintains the burden of persuasion, but “the burden of production shifts to the debtor to show that the claimed exemption is proper.”).

Debtor claims $6,629.71 in personal property exempt under N.D.C.C. § 28-22-03. This statute provides, in part:

> [T]he head of a family, personally or by that person’s agent, may select from that person’s other personal property, any goods, chattels, merchandise, money, and other personal property not exceeding in value the sum of seven thousand five hundred dollars, which also is exempt from all

> attachment or mesne process, levy and sale upon execution, and any other final process issued from any court.

Section 28-22-01.1 defines "head of a family" as:

> 1. The husband or wife when the claimant is a married person.
>
> 2. Every person who has residing on the premises with the person and under the person's care and maintenance, any of the following:
>
>    a. That person's child or the child of that person's deceased spouse, whether by birth or adoption.
>
>    b. A minor brother or sister or the minor child of a deceased brother or sister.
>
>    c. A father, mother, grandfather, or grandmother.
>
>    d. The father or mother or grandfather or grandmother of a deceased husband or wife.
>
>    e. Any other of the relatives mentioned in this section who have attained the age of majority and are unable to take care of or support themselves.
>
> 3. Every person who provides support for unmarried minor children of a previous marriage of the person, even though the children do not reside on the premises with the person.

N.D.C.C. § 28-22-01.1.

The Trustee objects to Debtor's claimed exemptions under section 28-22-03, arguing that Debtor may not claim property exempt under this statute because Debtor is married and her husband claimed the exemption in his bankruptcy case. In the Trustee's view, allowing both Debtor and her husband to claim the exemption is impermissible, even though they filed separate bankruptcy cases. The Trustee contends that Debtor should have objected to her husband's "head of a family" exemption during his bankruptcy case if Debtor wanted to preserve the exemption for

her bankruptcy case. Because she failed to object, Debtor is barred from claiming it for the duration of their marriage, according to the Trustee.

Additionally, the Trustee argues that the North Dakota Legislature wrote the statute in the singular—there is only one head of a family. Consequently, only the husband or the wife may claim the exemption while they are married. The Trustee asserts that the critical question is whether they remain married. Since they are married, the Trustee argues Debtor is precluded from claiming the "head of a family" exemption because her husband claimed it first.

Conversely, Debtor argues that the exemption statute must be liberally construed in her favor, entitling her to claim the exemption. Focusing on the text of section 28-22-03, Debtor emphasizes that the "head of *a* family" is entitled to use the exemption, not the "head of *the* family." She maintains that she meets the qualifications under statute because she cares for her children. No more is required. Debtor further contends that she and her husband should not be prohibited from claiming the same exemption simply because they listed the same address when they no longer live together, and they are separate family units.

Both Debtor and the Trustee agree that, if Debtor and her husband were not married, they would each qualify as the "head of a family" for purposes of claiming the exemption under section 28-22-03.

Exemption rights are determined as of the petition date. See Armstrong v. Peterson (In re Peterson), 897 F.2d 935, 937 (8th Cir. 1990). On the petition date, Debtor qualified as "head of a family" under the definition in section 28-22-01.1 because she resided with her children and provided care and maintenance for them. The

question is whether Debtor, who is separated from her spouse but remains married, may claim the "head of a family" exemption under section 28-22-03 if her spouse claimed the exemption in a prior bankruptcy proceeding. The answer is "yes."

The primary objective in statutory interpretation is to ascertain the legislative intent. State ex rel. Clayburgh v. Am. W. Cmty. Promotions, Inc., 645 N.W.2d 196, 205 (N.D. 2002) (citation omitted). As the North Dakota Supreme Court explained:

> In ascertaining the Legislature's intent, we first look to the plain language of the statute and give each word of the statute its ordinary meaning. See Estate of Thompson, 1998 ND 226, ¶ 7, 586 N.W.2d 847. We construe the statute as a whole and give effect to each of its provisions if possible. Id. If the language of the statute is clear and unambiguous, we cannot ignore that language under the pretext of pursuing its spirit because the legislative intent is presumed clear from the face of the statute. Id.

Id.

Section 22-18-03 does not prohibit Debtor's interpretation. It does not limit the exemption to one per family or prohibit a claimant from claiming this exemption in more than one proceeding. It does not say "only one spouse," "unless the spouse has previously claimed the exemption" or "one exemption per marriage." The consequence of a spouse previously claiming the exemption is not incorporated into the definition. Instead, it defines the status by reference to "the claimant," and the claimant qualifies if the claimant is a husband or wife in a marriage and if that husband or wife cares for his or her children, the child of a deceased spouse, siblings, parents, grandparents, or unmarried minor children of a previous marriage. See N.D.C.C. § 28-22-01.1. To interpret this exemption to allow one spouse to permanently exhaust the other's entitlement to claim this exemption in any future proceeding while the couple remains married without clear limiting language is contrary to the premise that exemptions are

liberally construed in favor of a debtor.[1] If the North Dakota Legislature intended to allow one spouse to claim the "head of a family" exemption at the expense of the spouse who seeks to claim it later, the Legislature would have included limiting language.

An example of the North Dakota Legislature's deliberate decision to limit a spouse's exemption may be found in a different statute in Chapter 28-22. Specifically, N.D.C.C. § 28-22-03.1(1), which grants an alternative exemption in lieu of the homestead, expressly provides that the exemption is unavailable "if the resident exemption claimant, the spouse of the resident exemption claimant, or other head of the family of the resident exemption claimant has chosen the homestead exemption[.]" N.D.C.C. § 28-22-03.1(1) (emphasis added). In other words, when the Legislature wanted one spouse's exemption to affect the other spouse's eligibility, it knew how to say so.

Further, the Trustee's interpretation that Debtor is prohibited from claiming the exemption during the duration of her marriage because her spouse previously claimed it reads more into the statute than exists. "When engaging in statutory interpretation, [the

[1] Since the statute was designed to provide an exemption in the context of North Dakota debt collection proceedings, the permanent marriage penalty advocated by the Trustee appears particularly harsh and unworkable. It is possible that a creditor of Spouse A may pursue debt collection proceedings early in the marriage and a different creditor may pursue debt collection proceedings later in the marriage against the same spouse. Assuming Spouse A cares for a family member, Spouse A could exempt property under the "head of a family" exemption on both occasions and then claim the exemption in a bankruptcy proceeding as well. Under the Trustee's interpretation, once Spouse A claimed the exemption, Spouse B is barred from asserting it in any North Dakota debt collection or bankruptcy proceeding for the duration of their marriage. This outcome is harsh, difficult to police and not supported by the plain language of the statute.

North Dakota Supreme Court] has consistently recognized that it must be presumed the legislature intended all that it said, said all that it intended to say, and meant what it has plainly expressed." Est. of Christeson v. Gilstad, 829 N.W.2d 453, 456 (N.D. 2013). Under the clear and unambiguous language of N.D.C.C. § 28-22-01.1(1), the "head of a family" is "[t]he husband or wife when the claimant is a married person." While the language plainly limits the "head of a family" to a husband or wife, it does not specify any temporal application or proceeding limitation. In the absence of this limitation, the Court will not read one into the statute. The Court presumes the North Dakota Legislature said all that it intended to say.

Additionally, the Trustee's proposed interpretation of section 28-22-03 would impose a "marriage penalty," which the North Dakota Supreme Court declined to endorse in interpreting the homestead exemption under N.D.C.C. § 47-18-01. See Anderson v. Kaler (In re Anderson), 932 N.W.2d 506, 509 (N.D. 2019). Referring to a definition offered by a California court, the North Dakota Supreme Court explained that "a marriage penalty occurs by limiting the exemption for married individuals when a different result would occur if the property owners were not married." Id.

If Debtor and her husband were not married, they would each qualify as the "head of a family" for purposes of claiming the exemption under section 28-22-03 in separate bankruptcy proceedings. If the Court declines to adopt the Trustee's proposed interpretation, Debtor is entitled to claim the "head of a family" exemption in this bankruptcy proceeding and any bankruptcy proceeding she files individually in the future whether she is married or not, providing she meets the other criteria of the statute. If the Court adopts the Trustee's proposed interpretation, Debtor is barred from

claiming the "head of a family" exemption for the duration of her marriage, imposing a marriage penalty on her. For this reason and the other reasons provided above, the Court rejects the Trustee's interpretation and overrules his objection to Debtor's Claim of Exemptions.

## III. CONCLUSION

For the reasons provided above,

**IT IS ORDERED** that the Trustee's Objection to Debtor's Claim of Exemptions [Doc. 17] is overruled. Debtor's "head of a family" exemption of $6,629.71 in personal property under N.D.C.C. § 28-22-03 is allowed.

Dated: October 9, 2026.

Shon Hastings, Judge
United States Bankruptcy Court